IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

v.  21-mj-5130

PAUL R. HEIL,

Defendant.

---

## PLEA AGREEMENT

The defendant, PAUL R. HEIL, and the United States Attorney for the Western District of New York (hereinafter "the government") hereby enter into a plea agreement with the terms and conditions as set out below.

### I. THE PLEA AND POSSIBLE SENTENCE

1. The defendant agrees to plead guilty to a one count Misdemeanor Information charging a violation of Title 15, United States Code, Sections 2615(b) and 2689, and Title 18, United States Code, Section 2 (Aiding and Abetting the Failure to Provide Lead Paint Hazard Warning Notice), for which the maximum possible sentence is a term of imprisonment of 1 year, a fine of $100,000, or both, a mandatory $25 special assessment, and a term of supervised release of one year. The defendant understands that the penalties set forth in this paragraph are the maximum penalties that can be imposed by the Court at sentencing.

2. The defendant understands that, if it is determined that the defendant has violated any of the terms or conditions of supervised release, the defendant may be required

to serve in prison all or part of the term of supervised release, up to 1 year, without credit for time previously served on supervised release. As a consequence, in the event the defendant is sentenced to the maximum term of incarceration, a prison term imposed for a violation of supervised release may result in the defendant serving a sentence of imprisonment longer than the statutory maximum set forth in Paragraph 1 of this agreement.

## II. ELEMENTS AND FACTUAL BASIS

3. The defendant understands the nature of the offense set forth in paragraph 1 of this agreement and understands that if this case proceeded to trial, the government would be required to prove beyond a reasonable doubt the following elements of the crime:

    a. There was in effect at the time in question properly promulgated regulations to address lead-based paint hazards, to wit: the "Lead Disclosure Rule" at 40 C.F.R. Part 745 (Subpart F), which imposed on lessors and sellers a requirement to notify prospective lessees and purchasers of lead-based paint hazards.

    b. The defendant aided and abetted a lessor of a residence.

    c. The defendant knowingly and willfully aided and abetted the failure to provide the lessee of a residence with a lead paint warning and related disclosures required under the Lead Disclosure Rule.

### FACTUAL BASIS

4. The defendant and the government agree to the following facts, which form the basis for the entry of the plea of guilty including relevant conduct:

    a. During the relevant time period, the defendant, PAUL R. HEIL was a property manager acting on behalf of Williamsville Property Holdings LLC, a.k.a. Williamsville Properties.

    b.    From in or about December 2015, to in or about May 2018, the defendant and Williamsville Properties was aware of lead-based paint and lead-based paint hazards at 96 Wick Street, Buffalo, New York ("96 Wick"), is a two-family house that was built in or about 1905.

    c.    In or about April 2018, and in or about June 2020, the defendant and Williamsville Properties rented the residence at 96 Wick to lessees. In connection with those rentals, the defendant provided a lead disclosure statement to the tenant, which falsely affirmed that the landlord "has no knowledge of lead-based paint and/or lead-based paint hazards in the housing," and "has no reports or records pertaining to lead-based paint and/or lead-based paint hazards in the housing."

### III.  SENTENCING GUIDELINES AND AGREEMENT

5.    The defendant understands that the Court must consider but is not bound by the Sentencing Guidelines (Sentencing Reform Act of 1984).

#### BASE OFFENSE LEVEL FOR UNDERLYING OFFENSE

6.    The government and the defendant agree that Guidelines § 2Q1.2(a) applies to the underlying offense and provides for a base offense level of 8.

#### ACCEPTANCE OF RESPONSIBILITY

7.    At sentencing, the government agrees not to oppose the recommendation that the Court apply the two-level downward adjustment of Guidelines § 3E1.1(a) (acceptance of responsibility), which would result in a total offense level of 6.

## CRIMINAL HISTORY CATEGORY

8. It is the understanding of the government and the defendant that the defendant's criminal history category is I. The defendant understands that if the defendant is sentenced for, or convicted of, any other charges prior to sentencing in this action the defendant's criminal history category may increase. The defendant understands that the defendant has no right to withdraw the plea of guilty based on the Court's determination of the defendant's criminal history category.

## GUIDELINES' APPLICATION, CALCULATIONS AND IMPACT

9. It is the understanding of the government and the defendant that, with a total offense level of 6 and criminal history category of I, the defendant's sentencing range would be a term of imprisonment of 0-6 months, a fine of $1,000 to $9,500, and a period of supervised release of 1 year. Notwithstanding the above, the defendant understands that at sentencing the defendant is subject to the maximum penalties set forth in paragraph 1 of this agreement.

10. The government and the defendant agree to the Sentencing Guidelines calculations set forth in this agreement and neither party will advocate or recommend the application of any other Guideline, or move for any Guidelines departure, or move for or recommend a sentence outside the Guidelines, except as specifically set forth in this agreement. A breach of this paragraph by one party will relieve the other party of any agreements made in this plea agreement with respect to sentencing motions and recommendations. A breach of this paragraph by the defendant shall also relieve the government from any agreements to dismiss or not pursue additional charges.

11. The defendant understands that the Court is not bound to accept any Sentencing Guidelines calculations set forth in this agreement and the defendant will not be entitled to withdraw the plea of guilty based on the sentence imposed by the Court.

12. In the event the Court contemplates any Guidelines adjustments, departures, or calculations different from those agreed to by the parties above, the parties reserve the right to answer any inquiries by the Court concerning the same.

## IV. STATUTE OF LIMITATIONS

13. In the event the defendant's plea of guilty is withdrawn, or conviction vacated, either pre- or post-sentence, by way of appeal, motion, post-conviction proceeding, collateral attack or otherwise, the defendant agrees that any charges dismissed pursuant to this agreement shall be automatically reinstated upon motion of the government and further agrees not to assert the statute of limitations as a defense to any other criminal offense which is not time barred as of the date of this agreement. This waiver shall be effective for a period of six months following the date upon which the withdrawal of the guilty plea or vacating of the conviction becomes final.

## V. REMOVAL

14. The defendant represents that he is a citizen of the United States. However, if the defendant is not a citizen of the United States, the defendant understands that, if convicted, the defendant may be removed from the United States, denied citizenship, and denied admission to the United States in the future.

## VI. GOVERNMENT RIGHTS AND OBLIGATIONS

15. At sentencing, the government agrees not to oppose the recommendation that the Court sentence the defendant at the lowest point of the applicable Guidelines range.

16. The defendant understands that the government has reserved the right to:

   a. provide to the Probation Office and the Court all the information and evidence in its possession that the government deems relevant concerning the defendant's background, character and involvement in the offense charged, the circumstances surrounding the charge and the defendant's criminal history;

   b. respond at sentencing to any statements made by the defendant or on the defendant's behalf that are inconsistent with the information and evidence available to the government;

   c. advocate for a specific sentence consistent with the terms of this agreement including the amount of restitution and/or a fine and the method of payment; and

   d. modify its position with respect to any sentencing recommendation or sentencing factor under the Guidelines including criminal history category, in the event that subsequent to this agreement the government receives previously unknown information regarding the recommendation or factor.

17. At sentencing, the government will move to dismiss the criminal complaint pending against the defendant under 21-mj-5130.

## VII. RESTITUTION AND FINANCIAL PENALTY PROVISIONS

18. Pursuant to Title 18, United States Code, Section 3563(b)(2), the parties agree that the Court may order restitution for the full amount of the victim's compensable losses as determined by the Court as a condition of probation or supervised release. The defendant

reserves his right to object to a request for restitution made by the victims, but the defendant understands that the defendant will not be entitled to withdraw the plea of guilty based upon any restitution amount ordered by the Court.

19.   The defendant agrees to disclose fully and completely all assets in which the defendant either has any property interest or over which the defendant exercises control, directly or indirectly, including those held by a spouse, nominee or other third party. The defendant agrees to make complete financial disclosure to the United States by truthfully executing a sworn financial statement by the deadline set by the United States, or if no deadline is set, no later than two weeks prior to the date of sentencing. The defendant agrees to authorize the release of all financial information requested by the United States, including, but not limited to, executing authorization forms for the United States to obtain tax information, bank account records, credit history, and social security information. The defendant agrees to discuss or answer any questions by the United States relating to the defendant's complete financial disclosure. The defendant will submit to an examination under oath and/or a polygraph examination conducted by an examiner selected by the U.S. Attorney's Office on the issue of the defendant's financial disclosures and assets, if deemed necessary by the U.S. Attorney's Office. The defendant certifies that the defendant has made no transfer of assets in contemplation of this prosecution for the purpose of evading or defeating financial obligations that are created by the agreement and/or that may be imposed upon the defendant by the Court. In addition, the defendant promises that the defendant will make no such transfers in the future.

20.     The defendant agrees that any financial records and information provided by the defendant to the Probation Office, before or after sentencing, may be disclosed to the United States Attorney's Office for use in the collection of any unpaid financial obligation.

21.     The defendant understands and agrees that the Court, at the time of sentencing, will order that all monetary penalties imposed at that time (including any fine, restitution, or special assessment imposed in accordance with the terms and conditions of this plea agreement) are to be due and payable in full immediately and subject to immediate enforcement by the United States. The defendant understands and acknowledges that any schedule of payments imposed by the Court at the time of sentencing is merely a minimum schedule of payments and does not, in any way, limit those methods available to the United States to enforce the judgment.

22.     The defendant agrees that any funds and assets in which the defendant has an interest, which have been seized or restrained by the government or law enforcement as part of the investigation underlying this plea agreement, and not subject to forfeiture, will be used to offset any judgment of restitution and fine imposed pursuant to this plea agreement, or to satisfy any debts owed by the defendant to the United States and/or agencies thereof.

23.     To the extent that the defendant has an interest, the defendant authorizes the District Court Clerk to release any funds posted as security for the defendant's appearance bond in this case, which funds shall be applied to satisfy the financial obligation(s) of the defendant pursuant to the judgment of the Court.

## VIII. APPEAL RIGHTS

24. The defendant understands that Title 18, United States Code, Section 3742 affords a defendant a limited right to appeal the sentence imposed. The defendant, however, knowingly waives the right to appeal and collaterally attack any component of a sentence imposed by the Court which falls within or is less than the sentencing range set forth in Section III, ¶ 9, above, notwithstanding the manner in which the Court determines the sentence. In the event of an appeal of the defendant's sentence by the government, the defendant reserves the right to argue the correctness of the defendant's sentence.

25. The defendant understands that by agreeing to not collaterally attack the sentence, the defendant is waiving the right to challenge the sentence in the event that in the future the defendant becomes aware of previously unknown facts or a change in the law which the defendant believes would justify a decrease in the defendant's sentence.

26. The government waives its right to appeal any component of a sentence imposed by the Court which falls within or is greater than the sentencing range set forth in Section III, ¶ 9, above, notwithstanding the manner in which the Court determines the sentence. However, in the event of an appeal from the defendant's sentence by the defendant, the government reserves its right to argue the correctness of the defendant's sentence.

## IX. TOTAL AGREEMENT AND AFFIRMATIONS

27. This plea agreement represents the total agreement between the defendant, PAUL R. HEIL, and the government. There are no promises made by anyone other than

9

those contained in this agreement. This agreement supersedes any other prior agreements, written or oral, entered into between the government and the defendant.

TRINI E. ROSS
United States Attorney
Western District of New York

BY: _____
AARON J. MANGO
Assistant U.S. Attorney

Dated: March 8, 2022

I have read this agreement, which consists of pages 1 through 10. I have had a full opportunity to discuss this agreement with my attorney, Parker R. MacKay, Esq. I agree that it represents the total agreement reached between myself and the government. No promises or representations have been made to me other than what is contained in this agreement. I understand all of the consequences of my plea of guilty. I fully agree with the contents of this agreement. I am signing this agreement voluntarily and of my own free will.

_____
PAUL R. HEIL
Defendant

Dated: March 8, 2022

_____
PARKER R. MACKAY, ESQ.
Attorney for Defendant

Dated: March 8, 2022